**Entered on Docket**
**May 04, 2009**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

THOMAS and BERYL RYAN,                          No. 08-11346

                        Debtor(s).
_____/

MICHAEL QUAST,

                        Plaintiff(s),

      v.                                              A.P. No. 08-1110

THOMAS and BERYL RYAN,

                        Defendant(s).
_____/

Memorandum on Objection to Discharge
_____

      Chapter 7 debtors and defendants Thomas and Beryl Ryan operated a business known as Calistoga Oasis Spa from 1995 to 2008 on premises leased from Max Quast, who is now deceased. Plaintiff Michael Quast, as trustee of the Max Quast and Genoveva Quast 1993 Revokable Trust, seeks denial of the Ryans' discharge based on their transfers of funds from their bank accounts on or about June 6, 2008.

1

On April 15, 2008, Quast filed an unlawful detainer complaint against the Ryans seeking possession of the premises and $87,000.00 in back rent. At the same time, they applied for a right to attach order and a writ of attachment. On June 4, 2008, the state court granted the application in the amount of $31,800.00, specifically attaching "[a]ll accounts Thomas R. Ryan maintains and/or in which [he] has an interest with West Amercia Bank, including Account No. 0313009136." The order also forbade Ryan from transferring, concealing disbursing or converting the attached assets.

On June 6, 2008, the Ryans withdrew $41,000.00 from three bank accounts at Westamerica Bank, including the account specified in the order, and deposited the funds three days later into a new account at Bank of the West. They freely admitted why they did this at their 341 hearing, their depositions, their testimony at trial and in their proposed findings and conclusions: "When notified of the possibility of [our] bank accounts possibly being frozen for years if litigation should continue, [we] opened another account for the purpose of fulfilling [our] employee payroll obligations."

The undisputed facts in this case could not be more damning to the Ryans. Bankruptcy Code § 727(a)(2) provides that the court shall grant the debtor a discharge unless the debtor, with intent to hinder, delay, or defraud a creditor has transferred, removed, or concealed his property. Transfers such as those admitted by the Ryans result in denial of discharge even when attachment is merely threatened or feared. *In re Hicks*, 71 B.R. 508 (Bkrtcy.D.N.H. 1987). Here, the bank accounts were transferred after issuance of the attachment which specifically named the bank accounts.

Moreover, the Ryans' defense, that they made the transfers out of necessity to pay their payroll, is no defense at all. The law requires only the intent to hinder a single creditor; it is no defense that the transfer was to pay others or for any sort of noble purpose. *In re Adeeb*, 787 F.2d 1339 (9th Cir.1986); *In re Schafer* 294 B.R. 126, 131 (N.D.Cal.,2003). The Ryans transferred funds with the admitted intent to hinder Quast. That is all anyone needs to prove to deny the Ryans a discharge.

For the foregoing reasons, the Ryans will be denied a discharge. Quast shall recover his costs

2

of suit.[1]

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for Quast shall submit an appropriate form of judgment forthwith.

Dated: May 4, 2009

                                                                         Alan Jaroslovsky
                                                                         U.S. Bankruptcy Judge

---

[1] Quast reads *Travelers v. PG&E*, 549 U.S. 443 (2007) and *In re Qmect, Inc.,* 368 B.R. 882, 886 (Bkrtcy.N.D.Cal. 2007)[erroneously identified by Quast as an appellate decision] as allowing for an award of attorneys' fees in this case. Both of those cases dealt with the amount of a claim, not an objection to discharge. This not an action on a debt or claim, and has nothing to do with rights arising out of the lease containing an attorneys' fee clause. Accordingly, the court declines to award attorneys' fees.

3